IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANIEL MIRANDA LOPEZ,<br><br>Petitioner,<br><br>vs.<br><br>GENE SAMUELSON, Phelps County Sherriff, in their official capacity, et al.,<br><br>Respondents. | 8:26-CV-604<br><br>ORDER |

The petitioner has filed a petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody in the Phelps County Jail in Holdrege, Nebraska. Filing 1. The petitioner was detained on August 21, 2026, and he alleges that his continued detention is unlawful. *See* filing 1; filing 8 at 3.

But the petitioner's transfer into ICE custody was his first contact with U.S. immigration authorities after his reentry into the United States at an unknown time and place. *See* filing 8 at 3. He doesn't claim that, prior to his detention, he had been admitted or paroled into the country. *See* filing 1. Accordingly, this case presents a straightforward application of the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026): The petitioner was "seeking admission" to the United States when detained, and is subject to detention without bond pursuant to 8 U.S.C. § 1225(b)(2)(A).

This Court has held that under some circumstances, for some aliens who have entered into and established residence in the United States, indefinite detention without a bond hearing pursuant to § 1225(b)(2)(A) violates due process. *Oporta v. Mullin*, No. 8:26-CV-363, 2026 WL 2224753 (D. Neb. Aug. 3,

2026). The petitioner's detention remains presumptively reasonable at this point. *Cf. Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that the presumptive limit to reasonable duration of post-removal-period detention is six months). Accordingly,

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied without prejudice.

2. A separate judgment will be entered.

Dated this 15th day of October, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge